## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WAYNE LOBBAN,**

   **Petitioner,**

**vs.**                                              **Case No. 4:03cv325-WS/WCS**

**GOVERNOR JEB BUSH, et al.,**

   **Respondents.**

_____/

### REPORT AND RECOMMENDATION ON MOTION ALLOWING APPEAL

This cause is before the court on Petitioner's motion for court order allowing

appeal.  Doc. 44.  The motion was filed on October 14, 2005, the date it was delivered

to prison officials for mailing.  _Id._, p. 1 (prison stamp).  Petitioner seeks 30 days to

appeal the judgment dated June 17, 2005.

By way of background, an order was entered denying Petitioner's 28 U.S.C. §

2254 petition, and a separate judgment was entered on the docket on June 17, 2005.

Docs. 40 and 41.  Both documents sent to Petitioner were returned as undeliverable on

June 24, 2005.  Doc. 42 (copy of the envelope, scanned and entered on the docket on

June 30, 2005).  Petitioner has been incarcerated at the same facility since he filed the

initial petition, so the reason the mail was returned is not readily apparent.  The docket does not reflect a second attempt by the clerk to mail the order and judgment to Petitioner.

Petitioner sent a notice of inquiry dated September 14, 2005, asking whether his case was still pending.  Doc. 43.  While the docket reflects that it was referred to the undersigned on September 26, 2005, there is no record or docket entry showing that any action was taken by the undersigned or the clerk.  Clearly Petitioner received some response to his inquiry, however, which prompted him to file the instant motion to allow an appeal.

In his motion, Petitioner states that he did not receive a copy of the "denial order dated June 17 2005," until he received the reply to his inquiry of September 14, 2005.  Doc. 44, p. 1.  He references Ex. A, which is a copy of his letter filed as doc. 43.  He has not submitted the response to his letter, and (as set forth above) the docket does not reflect that any response was made.

Also attached to the motion is an inmate request to an officer in the mail room.  Ex. B.  In that request, dated September 30, 2005, Petitioner wrote that "I received legal mail on this date.  It was an order by the district court dated 6/17/05."  Doc. 44, Ex. B.  Petitioner sought to verify whether he had received any legal mail from this court "between 6/17/05 and today 9/30/05."  *Id.*  The response dated October 4, 2005, provides: "I went thru all of June, July August. and September.  This is the only one that was found."  Attached is an incoming legal mail log showing that mail to Petitioner from this court was received at the institution on September 29, and Petitioner received and signed for it on September 30, 2005.  *Id.* (attachment to Ex. B).

Petitioner had 30 days from the entry of judgment on the docket in which to file a notice of appeal.  Fed.R.App.P. 4(a)(1)(A).  Additional time may be granted on a motion filed no more than 30 days after expiration of the original 30 days.  Fed.R.App.P. 4(a)(5).  Treated as a motion for extension of time to appeal the judgment entered on June 17, 2005, the motion filed October 14, 2005, is untimely. However:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>   (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
>   (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed from but did not receive the notice from the district court or any party within 21 days after entry; and
>
>   (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6) (2005).

Effective December 1, 2005, absent contrary Congressional action, Rule 4(a)(6) will specifically reference Fed.R.Civ.P. 77(d), to resolve a circuit split over what kind of notice of entry triggers the seven day period of 4(a)(6)(A) (to be renumbered as 4(a)(6)(B)).  Advisory Committee Notes, 2005 Amendments.  Under Rule 77(d), the clerk shall serve a notice of the entry of an order or judgment in the manner provided by Fed.R.Civ.P. 5(b).  Service in this case would be made by mail.  Rule 5(b)(2)(B).

It plainly appears that Petitioner was entitled to notice of the judgment or order and did not receive it within 21 days from June 17, 2005.  Instead, he received it on September 30, 2005.  It is not clear exactly what he received on that date.  His motion

asks for additional time to appeal "a denial order dated June 17, 2005," and states that

he did not previously receive a copy of the "denial order."  Doc. 44, p. 1.  In the

attachment he referred to receipt of "an order by the district court dated 6/17/05," and

seeks assistance in establishing he did not previously "receive this order."  Doc. 44, Ex.

B.  These references are all consistent with Petitioner having received only one

document on September 30; *i.e.,* the order of June 17, 2005.  That order denied the

petition for writ of habeas corpus and directed that "the clerk shall enter judgment

accordingly."  Doc. 40, p. 5.

Because the record is silent, and Petitioner states only that he received the

order, it appears he never received a copy of the separate judgment (entered the same

day as the order), a copy of the docket, or a letter from the clerk advising him that

judgment had been entered.  A copy of the order standing alone would not necessarily

have been notice of the entry of judgment sufficient to start the seven day period.  *See*

Cordon v. Greiner, 274 F.Supp.2d 434, 443 (S.D. NY 2003) (though petitioner received

notice of the court's memorandum and order of July 9, 2001, denying his habeas corpus

petition, it could not be confirmed that he received notice of a separate judgment

entered on the docket by the clerk on July 16, 2001; the seven day deadline of Rule

4(a)(6) did not apply).  *Compare* McDaniel v. Moore, 292 F.3d 1304, 1306 (11th Cir.),

*cert. denied*, 537 U.S. 1005 (2002) (even if written notice of entry is necessary to start

the seven day clock under Rule 4(a)(6), a letter from the court stating that petitioner's

motion for relief from judgment was denied on a certain date was written notice, and the

seven days ran from receipt of that letter rather than from later receipt of a copy of the

order[1]); <u>Nguyen v. Southwest Leasing & Rental Inc.</u>, 282 F.3d 1061, 1065-67 (9th Cir. 2002) (finding there are functional equivalents to written notice, but non-written notice must be "legitimate and unambiguous."); <u>Scott-Harris v. City of Fall River</u>, 134 F.3d 427, 433-34 (1st Cir. 1997), *rev'd on other grounds sub nom.* <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998) (noting that "cases discussing 4(a)(6) differentiate between notice of an order and notice of the entry of the order, indicating that the rule contemplates the latter,"), *citing* <u>Virella-Nieves v. Briggs & Stratton Corp.</u>, 53 F.3d 451, 452-454 (1st Cir. 1995).[2]   The seven days did not begin to run, and the motion to reopen was timely filed within 180 days of the judgment.

Finally, it does not appear that Respondent would be prejudiced by reopening the time for appeal under Rule 4(a)(6)(C).  Respondent has not made any argument in response to the motion allowing appeal, but the motion was not served on counsel. Doc. 44, p. 2 (containing no certificate of service).  A copy will be served on counsel by

---

[1] In <u>McDaniel</u> there was no question about whether petitioner received a separate judgment, but whether he received notice of entry of the order denying his motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b).  292 F.3d at 1305.

[2] In <u>Virella-Nieves</u>, "defendants knew that the court had denied the post-trial motions on July 12, that the clerk's office had received and filed the court's orders on that same day, and that all that remained for the clock to begin running on the period for taking an appeal was for the clerk's office to perform the ministerial task of entering a notation onto the docket indicating that the post-trial motions had been denied." 53 F.3d at 452.  Nothing was done by defendants until after August 9, when counsel's secretary returned from vacation; she attempted to determine from the clerk whether the orders had been docketed but the times she contacted the clerk the computer was down.  *Id.* A motion to file an untimely appeal pursuant to Fed.R.App.P. 4(a)(5) was filed on August 18.  The court found no excusable neglect under 4(a)(5), the only issue argued, but noted that – on remand -- Rule 4(a)(6) "may supply an alternate basis for the district court to grant defendants additional time to appeal."  *Id.*, at 454.

the clerk, and if appropriate Respondent may raise prejudice under Rule 4(a)(6)(C) by objection to this recommendation.

It is therefore respectfully **RECOMMENDED** that Petitioner's motion for court order allowing appeal (doc. 44), **TREATED** as a motion to reopen the time for appeal pursuant to Fed.R.App.P. 4(a)(6), be **GRANTED**, and Petitioner given **14 DAYS** from entry of the order adopting this recommendation in which to timely file a notice of appeal.  The clerk shall **FORWARD** a copy of doc. 44 to Respondent with this recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on November 1, 2005.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.